UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

September 11, 2026

LETTER TO COUNSEL

RE: *Zekeria Y. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-2082

Dear Counsel:

On June 29, 2025, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for disability insurance benefits under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-Motions for Summary Judgment, ECF Nos. 9, 14, and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, for the reasons discussed below, I will deny both Motions and remand this case for further consideration in accordance with my analysis and conclusions below.

## I. The History of this Case

Plaintiff filed his claim for Title II disability insurance benefits on March 2, 2023, alleging a disability onset date of March 11, 2022. ECF No. 6-3, at 16. The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. *Id*. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 20, 2024. *Id*. After that hearing, the ALJ determined Plaintiff did not have a disability as defined by the Social Security Act during the relevant time frame. *Id*. The Appeals Council, subsequently, denied Plaintiff's request for review. *Id.* at 2. Since the Appeals Council denied Plaintiff's request for review, the ALJ's decision reflects the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "rectal cancer and obesity[.]" ECF No. 6-3, at 18. Despite these impairments, the ALJ determined that Plaintiff retained the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except he can lift up to 20 pounds occasionally and lift/carry 10 pounds frequently; he can stand/walk for 6 hours in an 8[-]hour workday and sit for 6 hours in an 8[-]hour workday; and he can frequently climb ladders, ropes or scaffolds; he can frequently climb ramps or stairs and frequently balance, stoop, crouch, kneel and crawl.

*Id.* at 19.

The ALJ reached this conclusion over Plaintiff's objection that since 2022 he had been unable to work consistently because of rectal cancer. *See* ECF No. 6-3, at 32 ("We believe that the records support a finding that since early 2022[,] he's been unable to work on a regular continuing basis due to the effects of treatment and chemo, frequent doctor visits, and other symptoms from his condition."). Plaintiff presented testimony in support of this conclusion, namely that he often must spend forty-five minutes in the bathroom. *Id.* at 32-33. The medical records in the case additionally supported Plaintiff's argument. First, Plaintiff underwent eight cycles of chemotherapy. *See* ECF No. 6-8, at 34, 39-40, 41, 43, 49, 52, 54, 58. Second, Plaintiff underwent several procedures to assist with bowel problems he experienced. On July 19, 2022, Plaintiff underwent a low anterior resection and diverting loop ileostomy. ECF No. 6-12, at 10. As a result, Plaintiff was hospitalized for five days. *Id.* On February 10, 2023, Plaintiff underwent a rigid sigmoidoscopy, anoscopy, and dilation of anastomotic stricture. ECF No. 6-8, at 23. On April 26, 2023, Plaintiff underwent another rigid sigmoidoscopy, anoscopy, and dilation of anastomotic stricture. ECF No. 6-11, at 119. On September 6, 2023, Plaintiff underwent an anal sphincter dilation. ECF No. 6-15, at 46. On October 27, 2023, Plaintiff underwent another anal sphincter dilation. ECF No. 6-14, at 338-39. On November 7, 2023, Plaintiff underwent a closing of his ileostomy. ECF No. 6-12, at 430. Plaintiff was in the hospital for four days before he was discharged on November 11, 2023. *Id.* Shortly thereafter, on November 20, 2023, Plaintiff went to the emergency room due to post-operation abdominal pain, nausea, and frequent bowel movements. ECF No. 6-14, at 189. Finally, during the same period, Plaintiff required a monthly mediport flush from his treatment provider. *See* ECF No. 6-8, at 58-63; ECF No. 6-11, at 158; ECF No. 6-15, at 237. Additionally, the ALJ elicited testimony from a vocational expert that if Plaintiff had to miss more than one day per month because of his condition, this would preclude him from all work. ECF No. 6-3, at 38. Despite the evidence above, the ALJ failed to address the impact of Plaintiff's need to miss work in determining whether Plaintiff had a disability under the relevant statute.

Based on the RFC above, the ALJ determined that Plaintiff was able to perform past work as a parking lot supervisor, as well as other jobs that exist in significant numbers in the national economy. *See id.* at 22-23 (noting that Plaintiff could perform work as a marker, cashier and housekeeper). The ALJ made this determination based, in part, on the testimony of the VE. *Id*. at 23. As a result, the ALJ denied Plaintiff's claim for disability benefits. *Id.* at 24.

## II. Plaintiff's Arguments on Appeal

On appeal, Plaintiff raises two arguments: 1) "the ALJ's residual functional capacity finding contained legal errors and was not supported by substantial evidence[;]" and 2) "the ALJ failed to properly evaluate the medical source opinion of Plaintiff's treating physician, Julia Sone, M.D." ECF No. 9, at 6. Plaintiff's first argument is persuasive.

The ALJ must determine the RFC of the claimant, which incorporates a function-by-function assessment of their ability to do work-related activities. Social Security Ruling (SSR) 96-8p. The United States Court of Appeals for the Fourth Circuit has held that such a function-by-function assessment requires ALJs to evaluate "a claimant's ability to perform the physical functions listed in [the regulations]," including "sitting, standing, walking, lifting, carrying, pushing, pulling or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). A "proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). The RFC analysis should describe "how the evidence supports each conclusion reached by the ALJ by citing to evidence and articulating all inferences drawn therefrom." *Nancy G. v. Kijakazi*, No. GLS-20-3440, 2022 WL 363824, at *3 (D. Md. Feb. 4, 2022) (citing *Thomas*, 916 F.3d at 312-13); *see also Dowling*, 986 F.3d at 387 ("every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it") (quoting *Thomas*, 916 F.3d at 311)). Failure to do so may warrant remand. *See Britt v. Saul*, 860 F. Appx. 256, 262 (4th Cir. 2021).

The Fourth Circuit has held that an ALJ errs by failing to "make or explain a finding on absenteeism" despite evidence in the record demonstrating that a claimant's "conditions would require her to miss work for treatment at least once a month." *See Dennis v. Kijakazi*, No. 21-2078, 2023 WL 2945903, at *1, *6 (4th Cir. Apr. 14, 2023). In *Dennis v. Kijakazi*, the claimant made "dozens of visits to health-care providers" for fibromyalgia and other impairments. *Id.*, at *1. Additionally, the claimant "visited the emergency room six times." *Id.* At the claimant's hearing, a vocational expert testified that if the plaintiff missed work seven to ten times over the course of one year, the plaintiff's employment would be terminated. *Id.*, at *5. Despite this evidence and testimony, the ALJ did not discuss: "(1) the frequency of [the claimant's] medical treatment, (2) how the frequency of [the claimant's] medical treatment would impact absenteeism, or (3) how [the claimant's] frequent medical treatment would impact the VE's testimony that [a hypothetical claimant] missing more than 7 to 10 days [of work] per year 'would be subject to firing.'" *Id.* The Fourth Circuit remanded the case because the lack of analysis on this point left a reviewing court to "guess why the ALJ failed to address the obvious implications of [the claimant's] frequent medical treatment." *Id.* This Court has likewise remanded cases for further review by the SSA where there is evidence in the record that the claimant would have to be absent from work for significant periods of time and the ALJ, nonetheless, failed to address the matter. *See Octavia R. v. Kijakazi*, No. 22-2959-BAH, 2023 WL 4686578, at *4 (D. Md. Jul. 21, 2023) ("Because the ALJ's lack of explanation makes it unclear how Plaintiff could sustain regular and continuing work without having excessive absenteeism that would likely result in . . . termination, remand is warranted." (internal quotation marks omitted)); *Payne v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-1015, 2015 WL 412923, at *1-2 (D. Md. Jan. 29, 2015) ("I find that the ALJ's

analysis was deficient because it did not discuss the issue of Mr. Payne's anticipated absenteeism, which is evident from the record.").

This same analysis applies in this case. As discussed above, there is significant evidence in the record that Plaintiff would have to be absent from work for more than one day per month – which the VE testified would prohibit Plaintiff from maintaining any employment. In July 2022, Plaintiff underwent a surgical procedure that required him to remain in the hospital for five days. This was not the end of his medical procedures related to cancer. He underwent subsequent procedures in February, April, September, October and November of 2023, at least one of which required him to remain in the hospital for four days. The ALJ did not have to accept Plaintiff's argument that he would be prohibited from all work, but they did have to explain why given this evidence and the VE's testimony, Plaintiff would be able to maintain employment. Absent such explanation, the Court cannot conduct a meaningful review.

The Commissioner's attempts to distinguish this case from this Court's and the Fourth Circuit's prior decisions are unpersuasive. First, although the Commissioner attempts to distinguish *Dennis* on the grounds that, in that case, "the issue of absenteeism was specifically raised to the ALJ during the administrative hearing." ECF No. 14, at 8. As noted above, Plaintiff's counsel specifically raised this issue during the hearing before the ALJ. Second, the Commissioner attempts to provide the analysis that was lacking in the ALJ's decision. *See id.* at 9 ("Unlike in *Dennis*, here, Plaintiff's most extensive treatment was confined to a period of less than one year following his cancer diagnosis, did not require extensive hospitalizations, and did not include numerous emergency department visits or unexpected treatment."). The Court takes no position on the Commissioner's post-hoc rationalization. The problem is that the analysis is not found within the ALJ's decision. Had the ALJ provided the analysis that the Commissioner provides, a different result would have been appropriate. The presence of evidence in the record that Plaintiff's condition may have improved does not excuse the ALJ from his obligation to explain his rationale. *See Octavia R.*, 2023 WL 4686578, at *4 ("To be sure, Plaintiff's treatments for sickle cell anemia appear to have usually alleviated her symptoms, albeit temporarily. . . . But neither the record nor the ALJ's decision suggests that Plaintiff's sickle cell pain crises have permanently subsided." (internal citations and quotation marks omitted)).

Because the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments. Regardless, the Commissioner also should address the other issue Plaintiff has raised. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n. 1 (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

## III. Conclusion

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 9, is denied and Defendant's Motion for Summary Judgment, ECF No. 14, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is vacated. This case is remanded for further proceedings in accordance with this Opinion.

Despite the informal nature of this letter, it is an Opinion of the Court and should be treated accordingly. An implementing Order follows.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge